IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC EDWARD LARA, a/k/a ERIC LARA, a/k/a ERIC LARA, SR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-17-3808 |
| HCSO, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit alleging violation of his constitutional rights by defendants Harris County Sheriff's Office (HCSO), Sheriff Ed Gonzalez, the 174th District Court of Harris County, the Harris County District Attorney's Office, and Harris County Precinct Four. He also purports to represent co-plaintiffs Jasmine McPike, King Earl Forbes, and Johnny Gerald.

This lawsuit will be **DISMISSED IN PART, STAYED AND ABATED IN PART,** and **ORDERED ADMINISTRATIVELY CLOSED** for the reasons that follow.

### I. BACKGROUND AND CLAIMS

Plaintiff complains that he was unlawfully arrested under a fabricated police report and falsely charged with the assault of Jasmine McPike's mother. He seeks an immediate release from jail, dismissal of all pending criminal charges, and a minimum of $10 million in damages.

## II. CLAIMS DISMISSED

A district court shall dismiss a case brought *in forma pauperis* at any time if the court determines that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The Court has screened the lawsuit and finds that the following claims must be dismissed.

A. <u>Co-plaintiffs</u>

Rule 11 of the Federal Rules of Civil Procedure requires a litigant proceeding *pro se* to sign personally all papers filed with the Court, including the original complaint. Jasmine McPike, King Earl Forbes, and Johnny Gerald did not personally sign the complaint, and are not properly before the Court as plaintiffs. Although Lara claims that these three individuals are his wife and two children, public state court records show that McPike obtained a protective order against Lara on October 21, 2017, in Harris County, Texas, based on his aggravated assault of McPike's mother with a deadly weapon. The court found that McPike and Lara were in a dating relationship at the time of the assaults. The pleadings and court proceedings make no mention of any children, and Forbes and Gerald carry surnames other than Lara or McPike. Criminal proceedings against Lara for his aggravated assault of McPike's mother remain pending in the 174th District Court of Harris County, Texas.

Regardless, plaintiff Lara is not a licensed attorney and cannot represent the interests of litigants other than himself. That a non-attorney cannot represent the interests of another individual in litigation is long standing law in this federal circuit. *See Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) ("There is no constitutional guarantee that non-attorneys may represent other people in litigation. . . . [T]he requirement that only licensed lawyers may represent others in court is a reasonable rule that does not offend any constitutional guarantee."). *See also* 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Even assuming Forbes and Gerald were shown to be plaintiff's children, a non-attorney parent cannot appear on behalf of a minor child. *See Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000) (recognizing a narrow exception for social security cases).

Because plaintiff Lara is not a licensed attorney and McPike, Forbes, and Gerald did not personally sign the complaint, these latter three individuals are not before the Court. Accordingly, McPike, Forbes, and Gerald will be dismissed from this lawsuit.

B.  <u>Claims against the 174th Judicial District Court</u>

Plaintiff claims that the 174th Judicial District Court of Harris County, Texas, violated his constitutional rights by not dismissing false criminal charges against him for the assault of McPike's mother with a deadly weapon. The Court construes this as a section 1983 claim against the judge of the 174th Judicial District of Harris County, Texas.

A state district judge is entitled to judicial immunity for claims brought against him in his individual capacity. *Davis v. Tarrant Co.*, 565 F.3d 214, 221 (5th Cir. 2009). There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.* Plaintiff's pleadings here raise no allegations supporting application of these exceptions. Further, Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors. *Warnock v. Pecos County*, Tex., 88 F.3d 341, 343 (5th Cir. 1996); *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir.1985).

Plaintiff's claims against the judge of the 174th Judicial District Court of Harris County in his individual capacity will be dismissed as barred by judicial immunity. Plaintiff's claims against the judge of the 174th Judicial District Court of Harris County in his official capacity will be dismissed as barred by Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997).

### C. Claims against the Harris County District Attorney's Office

Plaintiff claims that the Harris County District Attorney's Office violated his constitutional rights by lodging and prosecuting false criminal charges against him for the assault of McPike's mother with a deadly weapon. The Court construes this as a section 1983 claim against the prosecutors who brought and prosecuted the criminal charges.

Plaintiff's claims against the unnamed prosecutors in their official capacities are barred by Eleventh Amendment immunity. *See Will*, 491 U.S. at 66; *Esteves*, 106 F.3d at 678. Plaintiff's individual capacity claims against the prosecutors are barred by absolute prosecutorial immunity. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Thus, plaintiff's claims against the prosecutors will be dismissed as barred by immunity. *See Green v. Texas Government*, 704 F. App'x 386, 387 (5th Cir. 2017).

### D. Claims sounding in habeas

Plaintiff's challenges to his current confinement and his request for an immediate release from pretrial detention sound in habeas, not civil rights, and cannot be pursued in a section 1983 lawsuit. Typically, habeas is used to challenge the fact or duration of confinement, and 42 U.S.C. § 1983 is used to challenge conditions of confinement. *See Poree v. Collins*, 866 F.3d 235, 242–43 (5th Cir. 2017). In seeking judicial release from his pretrial detention, plaintiff seeks habeas relief, and his claims for habeas relief will be dismissed without prejudice.

## III. CLAIMS STAYED AND ABATED

Plaintiff seeks monetary damages against the HCSO, Harris County Precinct Four, and Sheriff Gonzalez for unlawful and false criminal charges, arrest, and detention. These claims are presently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

It is well-settled under *Heck* that when a criminal defendant brings a section 1983 case against his arresting officers, the district court must first consider whether a judgment in favor of the claimant would necessarily imply the invalidity of the underlying criminal conviction. 512 U.S. at 487. If so, the claim is barred unless the claimant proves that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

The Supreme Court recognizes that *Heck* does not apply to *pending* criminal charges. *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Where a pending civil rights lawsuit may have future implications for a pending criminal prosecution, the proper procedure for the federal district court is to stay the section 1983 lawsuit until the criminal case is ended. *Id.* "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed absent some other bar to suit." *Id.*

Plaintiff's claims for monetary damages against the HCSO, Harris County Precinct Four, and Sheriff Gonzalez fall squarely within the parameters of the *Heck* bar at this time, and will be stayed and abated pending resolution of plaintiff's current criminal prosecution.

## IV. CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. Plaintiff's habeas claims are **DISMISSED WITHOUT PREJUDICE**.

2. Jasmine McPike, King Earl Forbes, and Johnny Gerald are **DISMISSED WITHOUT PREJUDICE** as parties to this lawsuit.

3. Plaintiff's claims against the judge of the 174th Judicial District Court are **DISMISSED WITH PREJUDICE**.

4. Plaintiff's claims against unnamed prosecutors of the Harris County District Attorney's Office are **DISMISSED WITH PREJUDICE**.

5. Plaintiff's claims for monetary damages against the HCSO, Harris County Precinct Four, and Sheriff Gonzalez are **STAYED AND ABATED** pending resolution of the felony criminal charges pending against him in Harris County, Texas. Plaintiff may move to reinstate these claims within thirty days after entry of a final disposition of his pending charges.

6. This case is **ORDERED ADMINISTRATIVELY CLOSED**.

Signed at Houston, Texas, on this the 29th day of January, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

7